IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| ANTHONY L. WYATT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No.  13-3150 |
| | ) |
| IOWA CITY POLICE CHIEF | ) |
| SAM HARGADINE and | ) |
| SPRINGFIELD POLICE CHIEF | ) |
| ROBERT WILLIAMS, | ) |
| | ) |
| Defendants. | ) |

## OPINION

SUE E. MYERSCOUGH, U.S. District Judge.

This matter is before the Court on the Motion to Dismiss filed by Defendant Sam Hargadine (d/e 19).  Also pending are pro se Plaintiff Anthony L. Wyatt's Motion for Injunctive Relief (d/e 33) and Plaintiff's Motions to Amend/Correct Statement of Claims (d/e 25, 26).  The Court GRANTS Defendant Hargadine's Motion to Dismiss because Plaintiff's Complaint fails to state a claim upon which relief can be granted.  Pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), the Court dismisses the

claims against the remaining Defendant Williams for failure to state a claim. All remaining pending motions are DENIED AS MOOT.

## I. BACKGROUND

On March 24, 2013, Plaintiff filed a pro se Complaint using a pre-printed form against Sam Hargadine, Chief of Police in Iowa City, Iowa, and Robert Williams, Chief of Police in Springfield, Illinois. Plaintiff alleges these Defendants violated his civil rights under 42 U.S.C. § 1983, and his First, Second, Fifth, Eighth, and Fourteenth Amendment rights.

In the "Statement of Claim" section of the pre-printed form, Plaintiff alleges that the incidents in question occurred on September 12, 2012 and May 13, 2013:

> Both Defendant's constantly Harass "Me," "My Family," and "My Friends" that live in these cities, which is Springfield, Illinois, and Iowa City, Iowa. The Springfield, Il Police Chief Robert Williams is saying I can't live with my mom "Choicette Wyatt 2533 Poplar Ave in Springfield, IL. I can't be at any parks and recreational facilities here in Springfield, Ill and in Iowa City, Iowa.
>
> This is an form of "Harassment" and "Retaliation."

Plaintiff seeks $350,000,000 in damages and a restraining order against both Defendants.

Since filing the Complaint, Plaintiff has filed numerous "exhibits" to the Complaint (d/e 13, 17, 26, 28) and numerous motions, including two Motions to Amend/Correct Statement of Claims (d/e 25, 26), and a Motion for Injunctive Relief (d/e 33). This Court previously denied Plaintiff's Motion to Appeal Relief Requested (d/e 28).

Both Defendants have been served. Defendant Hargadine has filed a Motion to Dismiss (d/e 19) to which Plaintiff has failed to respond.

## II. ANALYSIS

A.  This Court Does Not Have Personal Jurisdiction Over Defendant Hargadine

Defendant Hargadine, the Iowa City Police Chief, has moved to dismiss Plaintiff's complaint against him under Federal Rule of Civil Procedure 12(b)(2), for lack of personal jurisdiction. Because there are no relevant contacts between Defendant Hargadine and the State of Illinois to establish the necessary minimum contacts for purposes of personal jurisdiction under the Due Process Clause, the Court has no personal jurisdiction over Defendant Hargadine in this case.

"When a district court determines a Rule 12(b)(2) motion based on the submission of written materials without holding an evidentiary

hearing, the plaintiff must make a prima facie case of personal jurisdiction." Brandon Wade Licensing, LLC v. Terezowens.com, LLC, 2013 WL 1446356, at *2 (N.D. Ill. April 9, 2013). Under those circumstances, the plaintiff bears the burden of establishing personal jurisdiction. Id. At this stage, the Court resolves all factual disputes in the plaintiff's favor. Id.

Personal jurisdiction exists over a defendant only if authorized under Illinois law. See, e.g., Mobile Anesthesiologists Chicago, LLC v. Anesthesia Associates of Houston Metroplex, P.A., 623 F.3d 440, 443 (7th Cir. 2010) (holding that in a federal question case, the court has personal jurisdiction if federal law or the law of the state in which the court sits authorizes service of process). "Illinois's long-arm statute permits the exercise of personal jurisdiction if it would be allowed under either the Illinois Constitution or the United States Constitution." Id. (finding no operative difference between the Illinois Constitution and the United States Constitution regarding personal jurisdiction).

"[A] defendant is subject to personal jurisdiction in a particular state only if the defendant had 'certain minimum contacts with it such

that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" Mobile Anesthesiologists Chicago, 623 F.3d at 443 (quoting International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945))(internal citations omitted).  Personal jurisdiction can be specific or general.  Hoffman v. Barnes, 2012 WL 1021837, at *2 (N.D. Ill. 2012).  "Specific personal jurisdiction is appropriate when the defendant purposefully directs its activities at the forum state and the alleged injury arises out of those activities." Mobile Anesthesiologists, 623 F.3d at 444.  General jurisdiction is appropriate where the defendant's contacts with the forum state are systematic and continuous, in which case the defendant can be sued in the forum state for any cause of action, even if the wrong is unrelated to the defendant's contacts with the state.  See UBID, Inc. v. GoDaddy Group, Inc., 623 F.3d 421, 425-26 (7th Cir. 2010).

    Here, Plaintiff has not met his burden of showing that this Court has personal jurisdiction over Defendant Hargadine.  While the Court must resolve all factual disputes in Plaintiff's favor, the only plausible interpretation of Plaintiff's Complaint is that Defendant Hargadine, the

Police Chief in Iowa City, Iowa, purportedly harassed Plaintiff at parks in Iowa City. See Complaint at 3, 5. Plaintiff has not alleged any facts suggesting that Defendant Hargadine directed his activities at Illinois. Therefore, this Court lacks personal jurisdiction over Defendant Chief Hargadine and the claims against him are dismissed.

B.  **The Court Sua Sponte Dismisses the Complaint Against Defendant Williams for Failure to State a Claim**

The dismissal of the claims against Defendant Hargadine leaves only the claims against Defendant Williams. For claims filed by plaintiffs proceeding in forma pauperis, like Plaintiff herein, a district court is required to "dismiss the case if at any time the court determines that . . . the action . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). The Court has the power to screen complaints filed by both prisoner and non-prisoner pro se plaintiffs proceeding in forma pauperis. See Rowe v. Shake, 196 F.3d 778, 783 (7th Cir. 1999).

To state a claim upon which relief can be granted, a complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). That statement must

be sufficient to provide the defendant with "fair notice" of the claim and its basis. Tamayo v. Blagojevich, 526 F.3d 1074, 1081 (7th Cir. 2008); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). This means that "the complaint must describe the claim in sufficient detail to give the defendant 'fair notice of what the . . . claim is and the grounds upon which it rests'" and that its allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a "speculative level." EEOC v. Concentra Health Services, Inc., 496 F.3d 773, 776 (7th Cir.2007)(citing Twombly, 550 U.S. at 555). Pro se pleadings are to be liberally construed. Gomez v. Randle, 680 F.3d 859, 864–65 (7th Cir. 2012). Finally, it is well settled that when considering whether a complaint fails to state a claim of relief, "the court must treat all well-pleaded allegations as true and draw all inferences in favor of the non-moving party." In re marchFIRST Inc., 589 F.3d 901, 904 (7th Cir. 2009)(citing Tamayo, 526 F.3d at 1081).

    To state a claim under § 1983, a plaintiff "must allege that a governmental official, acting under color of state law, deprived him of a right secured by the Constitution or laws of the United States." Estate of

Sims ex rel. Sims v. County of Bureau, 506 F.3d 509, 514 (7th Cir. 2007) (citing Christensen v. County of Boone, 483 F.3d 454, 459 (7th Cir. 2007). "An official causes a constitutional violation if he sets in motion a series of events that defendant knew or reasonably should have known would cause others to deprive plaintiff of constitutional rights." Brokaw v. Mercer Cnty., 235 F.3d 1000, 1012 (7th Cir. 2000).

Even under a liberal reading of Plaintiff's Complaint, the Complaint fails to give Defendants fair notice of the grounds underlying Plaintiff's claims and does not plausibly suggest that Plaintiff has any right to relief. First, Plaintiff alleges that Defendants harassed him and his friends. However, verbal harassment is not actionable under § 1983. See DeWalt v. Carter, 224 F.3d 607, 612 (7th Cir.2000)(finding correctional officer's racially derogatory and sexually explicit remarks did not give rise to constitutional claims); Daniels v. Southfort, 6 F.3d 482, 484 (7th Cir. 1993)(ruling that threatening verbal statements by police officers do not present constitutional concerns); Williams v. Farmer, 2013 WL 1156426, at *5 (N.D. Ill. 2013) ("Allegations that the officers 'stalked' or 'harassed' Williams, without more, neither state nor give rise

to a plausible inference of a constitutional violation."). Therefore, Plaintiff's claim that defendants were "harassing" him, without more, does not plausibly suggest that Plaintiff's rights were violated. Additionally, Plaintiff has failed to demonstrate whether Defendants were acting under the color of state law when the alleged harassment occurred.

The same is true for the second allegation. Plaintiff states that Defendant Williams "is saying I can't live with my mother." Again, this statement fails to allege a constitutional violation. Defendant Williams's words alone are not enough to have interfered with Plaintiff's right to associate with his family. Plaintiff has not alleged that Defendant Williams or his subordinates unlawfully and forcibly removed Plaintiff from his mother's home or otherwise prohibited him from living there. Therefore, Plaintiff has not alleged any facts that make it plausible that Chief Williams's alleged words "set[] into motion" any events that would interfere with Plaintiff's right to familial association. Brokaw, 235 F.3d at 1012.

Furthermore, even though a right to associate with relatives exists, "the Fourteenth Amendment right to familial integrity is not absolute." Xiong v. Wagner, 700 F.3d 282, 291 (7th Cir. 2012)(finding that child could be removed from parents' home when caseworkers had reasonable suspicion of parental abuse); see also Johnson v. City of Kankakee, 260 F. App'x 922, 925 (7th Cir. 2008)(stating that local regulations affecting the "right to family" only violate that right if they "regulate the family directly").

Public records show that this right is not absolute in this case either. The Court can "take judicial notice of matters of public record without converting a motion for failure to state a claim into a motion for summary judgment." Gen. Elec. Capital Corp. v. Lease Resolution Corp., 128 F.3d 1074, 1080 (7th Cir. 1997). The Court therefore takes judicial notice that on January 5, 2012, Plaintiff's mother obtained a two-year plenary Order of Protection against Plaintiff and listed her home address as a "protected place." See Choicette E. Wyatt v. Anthony Wyatt, Case No. 2011-OP-002307 (Ill. 7th Jud. Cir. 2011). Although the mother's Motion to Dismiss the Order was granted on August 22, 2013, the Order

was in place when Plaintiff filed his Complaint on May 24, 2013, alleging that Defendants told him he could not be at his mother's house. See id. Because of the Order of Protection, Plaintiff's rights were not violated if Defendant Williams or his subordinates told Plaintiff that he was not welcome at his mother's home. On the contrary, Defendant Williams or his subordinates were required to enforce the Order of Protection and remove Plaintiff from his mother's home. See Illinois Domestic Violence Act of 1986, 750 ILCS 60 et. seq. Without demonstrating that Plaintiff, an adult child, had a right to be at his mother's house or that Defendant Williams's words interfered with that right since the Order was terminated, Plaintiff's second claim fails to suggest he is entitled to relief.

Plaintiff's third allegation that he cannot be at any parks and recreational facilities in Springfield, Illinois and Iowa City, Iowa similarly fails to state a plausible claim. Plaintiff does not draw any connection between Defendants and Plaintiff's allegations that he cannot be in any parks or recreational facility in Springfield or Iowa City. Even if the Court read the allegation with an "understanding eye," making the

connection for Plaintiff and presuming that Defendants' police officers have removed Plaintiff from the cities' parks, the Plaintiff still has not alleged a constitutional violation. See Donald v. Cook Cnty. Sheriff's Dep't, 95 F.3d 548, 555 (7th Cir. 1996)("[W]hile the court is not to become an advocate, it is incumbent on it to take appropriate measures to permit the adjudication of pro se claims on the merits."). Although there is a constitutional right to speak and assemble in public forums like parks, Plaintiff here is not alleging that Defendants violated his right to free speech or assembly under the First Amendment. See Illinois Dunesland Pres. Soc'y v. Illinois Dep't of Natural Res., 584 F.3d 719, 723 (7th Cir. 2009)("A traditional public forum is a street or park . . . that . . . has long . . . been used for expressive activity, such as marches and leafleting."). Plaintiff simply states he cannot be in any parks in the two cities. Like the right to familial integrity, any right of access to public parks or public spaces more generally is not absolute. Public parks frequently post hours they are "open" and the Supreme Court has found that the government can prohibit people from camping or overnight sleeping in public parks. See Clark v. Cmty. for Creative Non-Violence,

468 U.S. 288, 298-99 (1984)("No one contends that aside from its impact on speech a rule against camping or overnight sleeping in public parks is beyond the constitutional power of the Government to enforce.") Additionally, without knowing more information about Plaintiff's claim that he cannot be in these parks, Defendants do not have notice about the basis of this allegation.

For these reasons, the Complaint against Defendant Williams is also dismissed.

C.   Plaintiff may amend his Complaint once as a matter of course

The Court must grant the pro se Plaintiff leave to amend his Complaint "at least once when Rule 15(a) would allow amendment in the case of fee-paying litigants." Luevano v. Wal-Mart Stores, Inc., 722 F.3d 1014, 1024-25 (7th Cir. 2013); see also Indep. Trust Corp. v. Stewart Info. Serv. Corp., 665 F.3d 930, 943 (7th Cir. 2012) ("Rule 15 ordinary requires that leave to amend be granted at least once when there is a potentially curable problem with the complaint or other pleading."). Because Plaintiff may be able to plead a viable claim, the Court grants Plaintiff leave to file an Amended Complaint against Defendant Williams

only.  Plaintiff is advised that his Amended Complaint will replace the prior Complaint in its entirety.  Therefore, Plaintiff must include all of the allegations in his Amended Complaint and attach all of his exhibits.

### III. CONCLUSION

For the reasons stated, Defendant Sam Hargadine's Motion to Dismiss (d/e 19) is GRANTED.  Pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), the Court dismisses the claims against remaining Defendant Robert Williams without prejudice. All remaining pending motions (d/e 25, 26, 33) are DENIED AS MOOT.

Plaintiff is granted leave to file an Amended Complaint only against Defendant Williams on or before October 30, 2013.  Defendant Williams shall answer or otherwise plead on or before November 13, 2013.  If Plaintiff does not file an Amended Complaint, the Court will dismiss the case with prejudice.

ENTERED: October 18, 2013

FOR THE COURT:

    s/Sue E. Myerscough
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE